Filed 2/26/21  P. v. Frizzell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C091871 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F4243) |
| v. | |
| RODNEY KEITH FRIZZELL, | |
| Defendant and Appellant. | |

Defendant appeals a judgment entered following his no contest plea to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); statutory section references that follow are to the Penal Code) and his three-year prison sentence.  He complains his counsel was ineffective in failing to move for mental health diversion under section 1001.36 and requests remand for that purpose.  We find the record insufficient to establish defendant's ineffective assistance of counsel claim.  Accordingly, we will affirm the judgment.

FACTS AND PROCEDURAL HISTORY

The People's July 11, 2019, complaint charged defendant with a single count of assault with a deadly weapon (§ 245, subd. (a)(1)).  On July 24, 2019, defendant waived

1

his right to a preliminary hearing, stipulated to the complaint becoming the information, and pleaded not guilty.

The parties resolved the matter on August 12, 2019, through defendant's no contest plea in exchange for a sentencing lid of three years. The stipulated factual basis for this plea was Redding Police Report No. 19R043417, which indicated defendant had struck the victim, B.C., with a miniature baseball bat on her ribs and wrist as witnessed by another neighbor. Defendant fled after the victim fired an empty pellet gun she had in her waistband.

The probation department submitted a presentencing report that stated defendant suffered from complications associated with a traumatic brain injury (TBI) and posttraumatic stress disorder (PTSD) for which he had received medication from North American Mental Health. The report also stated defendant used alcohol and marijuana on a daily basis, had used methamphetamine in the past, and had participated in four different inpatient drug treatment programs. Defendant told the probation officer that the victim had invaded his apartment, was waiving what he believed to be a real gun, and that he reacted to defend himself by striking the gun out of her hand. The report recommended a suspended sentence of three years and a grant of formal probation with substance abuse treatment and anger management.

At the sentencing hearing on September 10, 2019, the victim requested defendant get the maximum prison sentence because of his bullying and terrorizing of her, including his attack on the day in question. Defendant's attorney argued for a grant of probation, acknowledging defendant's TBI and PTSD, although counsel conceded she did not have proof to show the court. Ultimately, the trial court denied defendant's request for probation and sentenced him to a prison term of three years. The court ordered defendant pay a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (§ 1202.45), a $30 criminal conviction assessment fee (Gov. Code,

2

§ 70373), and a $40 court operations assessment fee (§ 1465.8, subd. (a)(1)). He was awarded 65 actual days plus 64 conduct days for a total of 129 days custody credit.

On December 19, 2019, the court denied defendant's pro. per. request for resentencing. This court granted defendant's request for constructive filing of an untimely appeal, and the trial court granted his requests for a certificate of probable cause.

## FACTS AND PROCEDURAL HISTORY

### I

### *Section 1001.36 Diversion*

Defendant contends he is entitled to remand for the trial court to consider pretrial diversion under section 1001.36. He is not so entitled.

As noted by California Supreme Court, section 1001.36 became effective immediately as part of the 2018 budget bill. (*People v. Frahs* (2020) 9 Cal.5th 618, 626.) Thus, section 1001.36 was effective on June 27, 2018. (See Credits, 50a pt. 1 West's Ann. Pen. Code (2020 supp.) foll. § 1001.36, p. 9.) Here, defendant was charged with assault with a deadly weapon over a year *after* June 27, 2018. Consequently, defendant was charged after section 1001.36 offered pretrial diversion.

However, the record does not show that defendant's trial attorney made any motion for pretrial diversion under the existing statute. Because defendant's attorney failed to bring a timely motion for pretrial diversion under section 1001.36, the issue has not been preserved for appeal. " ' "[N]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881, quoting *United States v. Olano* (1993) 507 U.S. 725, 731 [123 L.Ed.2d 508].)

3

Anticipating our conclusion about the lack of a timely motion, defendant asserts his trial attorney was constitutionally ineffective for not seeking section 1001.36 diversion.  We conclude the record on direct appeal is insufficient to establish his claim.

"A criminal defendant's federal and state constitutional rights to counsel (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15) include the right to *effective* legal assistance. When challenging a conviction on grounds of ineffective assistance, the defendant *must demonstrate counsel's inadequacy*." (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*), some italics added.)  "When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance.  It is particularly difficult to prevail on an appellate claim of ineffective assistance." (*Ibid*., italics omitted.)  " ' "[I]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.]  A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding.  [Citations.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 (*Mendoza Tello*).)

On this record, defendant cannot meet his burden of affirmatively demonstrating error.  The record sheds no light on why trial counsel did not request diversion pursuant to section 1001.36.  The record, however, indicates defendant's trial attorney could have had satisfactory explanations for not doing so.  For example, diversion requires a showing that a diagnosed mental disorder, as described in section 1001.36, subdivision (b)(1)(A), was a "significant factor" in the commission of the crime.  (§ 1001.36, subd. (b)(1)(B).)  Although the probation report acknowledged that defendant suffered from complications associated with a TBI and PTSD for which he had at some unspecified time received medication from North American Mental Health, this does not necessarily satisfy the requirements of section 1001.36, subdivision (b)(1)(B).

4

Moreover, in order to be eligible for mental health diversion, defendant had to demonstrate that the mental disorder motivating the criminal behavior would respond to mental health treatment, defendant would agree to comply with treatment, and defendant would "not pose an unreasonable risk of danger to public safety" if treated within the community rather than being incarcerated. (See § 1001.36, subds. (b)(1)(C), (E), & (F).) Defendant's mere receipt of medication benefits for an unspecified TBI and PTSD does not establish current eligibility for diversion under these statutory requirements.

Therefore, on this record, defendant's ineffective assistance claim must be denied. (*Mai, supra*, 57 Cal.4th at p. 1009; *Mendoza Tello, supra*, 15 Cal.4th at pp. 266-267.) Because there may be a reasonable basis for counsel deciding not to petition under section 1001.36, for example, because counsel knew defendant did not qualify for diversion. If there is extra record evidence that defense counsel was indeed ineffective in failing to seek section 1001.36 diversion, defendant may pursue his claim through a writ of habeas corpus. (See *Mai,* at p. 1009; *Mendoza Tello,* at pp. 266-267.)

## DISPOSITION

The judgment is affirmed.

_____
HULL, J.

We concur:


_____
BLEASE, Acting P. J.


_____
MURRAY, J.